IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:24-cr-00064-MR-WCM

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | MEMORANDUM AND |
| | ) | RECOMMENDATION |
| GUY ANTHONY WACHOB | ) | |
| | ) | |
| _____ | ) | |

This matter is before the Court on Defendant's Motion to Schedule Rule 11 Change of Plea Hearing (the "Motion to Schedule," Doc. 19) and Defendant's Motion for Specific Performance of Plea Agreement (the "Motion for Specific Performance," Doc. 22).

I. Background

On November 19, 2024, a Bill of Indictment was filed charging Guy Anthony Wachob ("Defendant") with three counts of distributing or attempting to distribute child pornography in violation of 18 U.S.C. § 2252A(a)(2)(A), one count of possessing with the intent to view material containing an image of child pornography in violation of 18 U.S.C. § 2252A(a)(5)(B), and one count of traveling or attempting to travel in interstate commerce for the purpose of engaging in illicit sexual conduct in violation of 18 U.S.C. § 2423(b). Doc. 1.

On November 27, 2024, Defendant made an initial appearance. He requested that counsel be appointed for him, and that request was granted.

1

On December 2, 2024, Defendant was arraigned and pled not guilty.

On April 10, 2025, a Plea Agreement (Doc. 14) and Factual Basis (Doc. 15) were filed. These materials indicated that the parties had reached an agreement under which Defendant would plead guilty to the charge of traveling in interstate commerce for the purpose of engaging in illicit sexual conduct in violation of 18 U.S.C. § 2423(b), as stated in Count 5 of the Bill of Indictment, and the Government would move to dismiss the remaining counts. The same day, a hearing regarding Defendant's plea was noticed for April 16, 2025.

Subsequently, the undersigned's chambers communicated by email with counsel for both parties and raised the question of whether the element of "traveling in interstate commerce" requires that a defendant cross state lines.

On April 15, 2025, Defendant moved to continue the plea hearing, stating that "the parties have identified issues with the current plea agreement that need to be addressed before the Court can accept a change of plea." Doc. 16.

That motion was granted and the plea hearing was canceled, to be rescheduled following the filing of revised plea documents or a request by the parties.

On June 11, 2025, Defendant filed the Motion to Schedule, by which he asks the Court to schedule a Rule 11 hearing to consider his proposed plea as

2

Case 1:24-cr-00064-MR-WCM    Document 29    Filed 08/06/25    Page 2 of 12

described by the Plea Agreement and Factual Basis. The Government has responded, and Defendant has replied. Docs. 20, 21.

On June 17, 2025, Defendant filed the Motion for Specific Performance, seeking an order compelling the Government to "fulfill its obligations under the plea agreement and advocate for its acceptance." Doc. 22 at 4. The Government has responded. Doc. 26.

On July 14, 2025, the undersigned conducted a hearing on the Motions and, at the conclusion of that proceeding, took both Motions under advisement. This Memorandum and Recommendation now follows.[1]

## II. Discussion

### A. Sequence of the Analysis

The initial question is which Motion should be addressed first.

During the July 14, 2025 hearing, the Government and Defendant agreed that the threshold question is whether the Factual Basis is legally

---

[1] Pursuant to the Local Rules and the standing order of referral of the presiding District Judge, the undersigned is authorized to conduct plea hearings under Rule 11 of the Federal Rules of Criminal Procedure, reject or accept pleas, and recommend rejection or acceptance of those pleas by the presiding District Judge. L.Crim.R. 59.1(b)(4). The instant Motions involve issues that are relevant to the acceptance or rejection of Defendant's proposed guilty plea and, at least in part, present questions that could be addressed by the undersigned through direct rulings. However, the Motions also raise other issues that are more appropriate for consideration by the District Judge upon a recommendation by the undersigned. Consequently, for the sake of efficiency and clarity of the record, the undersigned has issued a Memorandum and Recommendation concerning both Motions.

3

sufficient to support Defendant's plea of guilty to violating Section 2423(b). This issue is embedded in the Motion to Schedule, and addressing that Motion first makes sense.

If the Factual Basis is sufficient, then the Motion to Schedule should be granted and a hearing pursuant to Rule 11 scheduled so that Defendant's plea can be considered in further detail. The Court could also address the merits of the Motion for Specific Performance and whether the Government should be required, as Defendant requests, to advocate for the acceptance of Defendant's proposed plea. Alternatively, if the Factual Basis is not sufficient, then Defendant's Motion to Schedule should be denied and the Motion for Specific Performance should be denied as moot.

On the other hand, if the Motion for Specific Performance were considered first, and granted, the Court would still be required to address the sufficiency of the Factual Basis. Similarly, if the Motion for Specific Performance were considered first, and denied, the Court would nonetheless, given the specific positions the parties have taken, be required to address the sufficiency of the Factual Basis. That's because the Government, while acknowledging that the parties have entered an agreement, has not asked for affirmative relief of its own, such as an order finding that the Plea Agreement is invalid or dismissing Count 5 entirely. In other words, a denial of the Motion for Specific Performance would mean only that the Government would not be

required to advocate for the acceptance of the proposed plea. The Plea Agreement itself, however, would remain active as would Defendant's request that the Court consider (and accept) his proposed plea.

Under these circumstances and bearing in mind the need both to use judicial resources efficiently and to avoid the issuance of advisory opinions, the undersigned concludes that the Motion to Schedule should be addressed first.

### B. The Motion to Schedule and the Sufficiency of the Factual Basis

"[A] district court is not obliged to accept a particular plea agreement between the government and an accused, as it always has the authority to either accept or reject any agreement." United States v. Lewis, 633 F.3d 262, 270 (4th Cir. 2011) (citing Fed.R.Crim.P. 11(c)(5); United States v. Wood, 378 F.3d 342, 348 (4th Cir. 2004)).

In addition, Rule 11 of the Federal Rules of Criminal Procedure requires, among other things, that the Court "determine that there is a factual basis for the plea" before entering judgment on a guilty plea. Fed.R.Crim.P. 11(b)(3); see also United States v. DeFusco, 949 F.2d 114, 116, 120 (4th Cir. 1991) ("the Rule ensures that the court make clear exactly what a defendant admits to, and whether those admissions are factually sufficient to constitute the alleged crime").

In this case, the parties' Plea Agreement contemplates that Defendant will enter a plea of guilty to violating 18 U.S.C. § 2423(b), which provides:

5

> A person who travels in interstate commerce … with intent to engage in any illicit sexual conduct with another person shall be fined under this title or imprisoned not more than 30 years, or both.

To support that plea, the Factual Basis states, in part, that Defendant "traveled in interstate commerce from Canton, North Carolina to Franklin, North Carolina" using "United States Routes 74 and 441 South, which are both instrumentalities of interstate commerce." Doc. 15 at ¶¶ 3, 4.

The parties disagree as to whether the Factual Basis is sufficient to establish the "travels in interstate commerce" element of the offense and specifically whether "travels in interstate commerce" describes purely intrastate travel.

The Government initially endorsed the proposed plea, but it now takes the position that "purely intrastate travel is not enough to satisfy the 'in interstate commerce' element of § 2423(b)." Doc. 19 at 2. It argues that while Congress has the authority to enact "broad legislation in the enforcement of criminal statutes in instances of intrastate conduct involving instrumentalities of interstate commerce like interstate highway systems," by declining to include the language "'in or affecting' interstate commerce or, using 'means or facilities' of interstate commerce" in Section 2423(b), Congress limited the scope of Section 2423(b) to defendants who travel "between one State … and another State." Id. at 3 (internal citations omitted).

6

Defendant disagrees and argues that Section 2423(b) regulates "the channels of interstate commerce" which include "'the interstate highway system…,'" such that traveling on "a federal highway, such as U.S. Route 74 or 441 South," as Defendant did, constitutes "traveling in the channels of commerce." Doc. 19 at 2.[2] Defendant also argues that Congress "has employed at least three distinct formulations of interstate commerce language"—1) "in or affecting commerce," (2) "travels in interstate commerce," and (3) "travels across a State line" – and that the phrase "travels in interstate commerce" must "encompass not only physical border crossings but also intrastate travel using channels and instrumentalities of interstate commerce, such as the federal highway system . . . ." Doc. 21 at 3.

The undersigned finds the Government's arguments to be more persuasive.

---

[2] This case presents the unusual situation in which a defendant is arguing for a *more* expansive reading of a criminal statute than the Government. During the hearing, Defendant explained that he was doing so because if he were able to enter a plea of guilty pursuant to the Plea Agreement, he would likely face more favorable circumstances at sentencing than if he proceeded to trial or entered a guilty plea with regard to the other offenses with which he is charged. Defendant acknowledged though that, other than his sentencing concerns, he would not be prejudiced if the Plea Agreement were rejected. For its part, the Government represented that if the Plea Agreement were terminated, the Government would not proceed with a charge that Defendant violated Section 2423(b) and would not use the Factual Basis or Plea Agreement against Defendant.

When reciting the elements of Section 2423(b), courts have stated (though without considering the specific arguments raised by Defendant here) that the statute involves a prohibition against interstate travel, that is, travel across state lines. See United States v. Dhavamani, No. 1:19-cr-00159, 2019 WL 4018194, at *2 (S.D. W.Va. Aug. 26, 2019) (agreeing with the government's contention that "'[t]he statute is clear as to what the illegal activity is—traveling in interstate commerce (i.e., crossing a state line) with the motivating purpose of that travel being to engage in illicit sexual conduct'") (citations omitted); United States v. Han, 230 F.3d 560, 563 (2d Cir. 2000) ("§ 2423(b) criminalizes crossing state lines with a criminal intent....").

During the July 14, 2025 hearing, Defendant acknowledged that he had not located any authorities that squarely address the issue of whether purely intrastate travel may support a conviction pursuant to Section 2423(b). Similarly, no cases have been cited in which a defendant who did not cross state lines was convicted of violating Section 2423(b).

Next, courts considering other criminal statutes that include a "travels in interstate commerce" element have construed that phrase as requiring the crossing of state lines. See United States v. Hinen, 487 F. Supp. 2d 747, 757 (W.D. Va. 2007) (reversed on other grounds) (finding that 18 U.S.C. § 2250, which provides penalties for an individual who knowingly fails to register or update a registration under the Sex Offender Registration and Notification Act

8

and who "travels in interstate or foreign commerce," was not unconstitutional under the Commerce Clause because the statute contained "a jurisdictional element directly tied to the federal power to regulate persons who travel across state lines" and did "not attempt to punish sex offenders for intrastate failure to register"); United States v. Truglio, 731 F.2d 1123, 1132 (4th Cir. 1984) (reversing defendant's convictions under 18 U.S.C. § 1952, which prohibits an individual from traveling "in interstate or foreign commerce or us[ing] the mail or any facility in interstate or foreign commerce, with intent to" aid in racketeering enterprises, where the government offered no evidence that the defendant transported women across state lines and the court could not infer from the defendant's status as a taxi driver that he "used any facility in interstate commerce to 'promote, manage, establish, carry on or facilitate the promotion, management, establishment, or carrying on,' of the illegal enterprise") (quoting 18 U.S.C. § 1952(a)(3)).

Defendant correctly notes that other statutes—18 U.S.C. §§ 2262, 2261, and 2261A—previously referred expressly to "[a] person who travels across a State Line" and were amended in 2000 to use the "travels in interstate or foreign commerce" language. The legislative history indicates that, by making this change, Congress intended to ensure that federal jurisdiction covered "persons crossing United States borders as well as crossing state lines…." H.R. CONF. REP. 106-939, at 105, 2000 WL 1479163. That is, it appears that

9

Congress viewed "travels in interstate or foreign commerce" as being broader than, and encompassing, the crossing of state lines. Accord United States v. Wright, 128 F.3d 1274, 1276 (8th Cir. 1997) (explaining that "the mere fact that [statutes including § 2423(b)]…reach persons who travel in interstate commerce, while § 2262(a)(1) regulates persons who cross state lines, is a distinction without a difference" and rejecting defendant's Commerce Clause challenge to § 2262(a)(1) because the conduct of "crossing a state line" was "'squarely in interstate commerce.'") (quoting United States v. Bailey, 112 F.3d 758, 766 (4th Cir. 1997), cert. denied, 522 U.S. 896 (1997)).

However, it does not necessarily follow that Congress also intended "travels in interstate commerce" to be read so broadly as to encompass purely intrastate travel.

The undersigned, therefore, will recommend that Defendant's Motion to Schedule be denied.[3]

---

[3] Even if the undersigned agreed with Defendant's statutory interpretation argument generally, Defendant's Motion fails for another reason; he has not provided authorities or evidence upon which the Court could find that the specific roads or type of road upon which Defendant travelled—a U.S. highway rather than an interstate—would qualify as a "channel of commerce."

### C. The Motion for Specific Performance

As noted, Defendant contends that the Government should be required to advocate for the Court's acceptance of the Plea Agreement and be compelled to honor that Agreement.

However, because the undersigned is persuaded that the Motion to Schedule should be denied, the undersigned will recommend that the Motion for Specific Performance be denied as moot.

### III. Recommendation

For the reasons set out above, the undersigned **RESPECTFULLY RECOMMENDS**:

1. That Defendant's Motion to Schedule Rule 11 Change of Plea Hearing (Doc. 19) be **DENIED** and,

2. That Defendant's Motion for Specific Performance of Plea Agreement (Doc. 22) be **DENIED AS MOOT**.

Signed: August 5, 2025

W. Carleton Metcalf
United States Magistrate Judge

## Time for Objections

The parties are hereby advised that, pursuant to Title 28, United States Code, Section 636(b)(1)(B), written objections to the findings of fact, conclusions of law, and recommendation contained herein must be filed within **fourteen (14)** days of service of same. **Responses to the objections must be filed within fourteen (14) days of service of the objections.** Failure to file objections to this Memorandum and Recommendation with the presiding District Judge will preclude the parties from raising such objections on appeal. See Thomas v. Arn, 474 U.S. 140 (1985).