IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CRIMINAL CASE NO. 1:24-cr-00064-MR-WCM

| | |
|---|---|
| UNITED STATES OF AMERICA, ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> GUY ANTHONY WACHOB, ) <br> ) <br> Defendant. ) <br> _____ ) | O R D E R |

**THIS MATTER** is before the Court on the Defendant's Motion to Schedule Rule 11 Change of Plea Hearing ("Motion to Schedule") [Doc. 19]; the Defendant's Motion for Specific Performance of Plea Agreement ("Motion for Specific Performance") [Doc. 22]; the Magistrate Judge's Memorandum and Recommendation [Doc. 29] regarding the disposition of those motions; and the Defendant's Objections to the Magistrate Judge's Memorandum and Recommendations [Doc. 31].

Pursuant to 28 U.S.C. § 636(b) and the Standing Orders of Designation of this Court, the Honorable W. Carleton Metcalf, United States Magistrate Judge, was designated to consider the Defendant's motions and to submit a recommendation for their disposition. On August 6, 2025, the Magistrate

Judge entered a Memorandum and Recommendation, recommending that the Defendant's Motion to Schedule be denied and that the Defendant's Motion for Specific Performance be denied as moot. [Doc. 29]. The parties were advised that any objections to the Magistrate Judge's Memorandum and Recommendation were to be filed in writing within fourteen (14) days of service. [Id.]. On August 20, 2025, the Defendant filed his Objections to the Memorandum and Recommendation. [Doc. 31].

The Federal Magistrate Act requires a district court to "make a *de novo* determination of those portions of the report or specific proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). In order "to preserve for appeal an issue in a magistrate judge's report, a party must object to the finding or recommendation on that issue with sufficient specificity so as reasonably to alert the district court of the true ground for the objection." United States v. Midgette, 478 F.3d 616, 622 (4th Cir. 2007). The Court is not required to review, under a *de novo* or any other standard, the factual findings or legal conclusions of the magistrate judge to which no objections have been raised. Thomas v. Arn, 474 U.S. 140, 150 (1985). Additionally, the Court need not conduct a *de novo* review where a party makes only "general and conclusory objections that do not direct the court to

a specific error in the magistrate's proposed findings and recommendations." Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982).

The Defendant's Objections do not identify any specific error in the Magistrate Judge's proposed conclusions of law. Rather, the Defendant urges the Court to reject the Magistrate Judge's Recommendation "[f]or the reasons set forth in the Defendant's previous filings . . . ." [Doc. 31 at 1]. These kinds of "objections" do not warrant a de novo review of the Magistrate Judge's reasoning. Aldrich v. Bock, 327 F. Supp. 2d 743, 747 (E.D. Mich. 2004) ("A general objection, or one that merely restates the arguments previously presented is not sufficient to alert the court to alleged errors on the part of the magistrate judge. An 'objection' that does nothing more than state a disagreement with a magistrate's suggested resolution, or simply summarizes what has been presented before, is not an 'objection' as that term is used in this context.").

After a careful review of the Memorandum and Recommendation, the Court concludes that the Magistrate Judge's proposed conclusions of law are correct and are consistent with current case law. Accordingly, the Court hereby accepts the Magistrate Judge's recommendation that that the Defendant's Motion to Schedule be denied and the Defendant's Motion for Specific Performance be denied as moot.

**IT IS, THEREFORE, ORDERED** that the Defendant's Objections to the Magistrate Judge's Memorandum and Recommendations [Doc. 31] are **OVERRULED**, and the Magistrate Judge's Memorandum and Recommendation [Doc. 29] is **ACCEPTED**.

**IT IS FURTHER ORDERED** that the Defendant's Motion to Schedule Rule 11 Change of Plea Hearing [Doc. 19] is **DENIED**, and the Defendant's Motion for Specific Performance of Plea [Doc. 22] is **DENIED AS MOOT**.

**IT IS SO ORDERED.**

Signed: September 1, 2025

Martin Reidinger
Chief United States District Judge